UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON GULCYNSKI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP,<br><br>Defendant. | Civil No. 06CV1516 JAH(LSP)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT [DOCS. #4 and 11]** |

## INTRODUCTION

Now before this Court is Plaintiff Brandon Gulczynski ("Plaintiff") Motion for Leave to File a Second Amended Complaint under Rule 15(a), and Defendant Fidelity National Title Group ("Fidelity"), Motion to Dismiss under Rule 12 (b)(1). The matters have been fully briefed by the parties. After careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS Plaintiff's motion for leave to file a second amended complaint, and DENIES Defendant's motion to dismiss under Rule 12(b)(1) as moot.

## BACKGROUND[1]

Plaintiff seeks, through the instant complaint, statutory damages and equitable relief as a result of Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA"), and the California Fair Debt Collection Practices Act, Cal. Civ. Code

---

[1] These background facts are taken directly from the first amended complaint.

§1788 et seq. ("RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

Sometime before March 15, 2006, Plaintiff alleges that he incurred financial obligations to Chicago Title Insurance ("Chicago"). Subsequently, but before March 15, 2006, Plaintiff allegedly fell behind in the payments owed on the debt.

Subsequent to, but before March 15, 2006, the debt was assigned or otherwise transferred to Fidelity for collection. Plaintiff alleges that on or about March 15, 2006, Chicago gave the false impression that Fidelity was a third party debt collector by using the Fidelity name when it sent a letter addressed to the Plaintiff's home. *See* Doc. No. 11 at 6. Plaintiff alleges that the use of the Fidelity name, in attempting to collect an alleged debt, was designed to falsely imply that the account had been forwarded to a separate, independent, third party debt collection agency. Plaintiff filed his original complaint on July 7, 2006, and then amended the complaint to add a demand for jury trial on August 17, 2006.

On September 22, 2006, Fidelity filed a Motion to Dismiss for lack of subject matter jurisdiction. Plaintiff filed an opposition on November 6, 2006. On November 20, 2006, Fidelity filed a reply.

On November 6, 2006, Plaintiff filed a Motion to Amend/Correct First Amended Complaint. Fidelity filed an opposition on November 30, 2006. On December 7, 2006, Plaintiff filed a reply.

## DISCUSSION

**1.   Legal Standard - Amending Pleadings**

The filing of an amended complaint or counter-claim after a responsive pleading has been filed may be allowed by leave of court. Fed.R.Civ.P. 15(a). Rule 15(a) provides in pertinent part that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend within 20 days after it is served. Otherwise, a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

Granting leave to amend rests in the sound discretion of the trial court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

However, even though leave to amend is generally granted freely, it is not granted automatically. *See* Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Four factors are considered when a court determines whether to allow amendment of a pleading. These are prejudice to the opposing party, undue delay, bad faith, and futility. *See* Forsyth v. Humana, 114 F.3d 1467, 1482 (9th Cir. 1997); DCD Programs, 833 F.2d at 186; *see also* Foman v. Davis, 371 U.S. 178, 182 (1962).

These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. DCD Programs, 833 F.2d at 186; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981). A motion to amend may also be denied if the new cause of action would be futile. *See* Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

///

## 2. Analysis

### A. Plaintiff's Motion for Leave to File a Second Amended Complaint

Plaintiff seeks to add an additional defendant to his complaint and to include factual allegations recently discovered through the filing of Fidelity's motion to dismiss. Plaintiff now contends that Fidelity and Chicago worked together to give "the false impression that Fidelity was a third party debt collector assigned to collect a debt for Chicago," in alleged violation of the FDCPA and RFDCPA. *See* Doc. No. 11, Exh. 1 at 15-16.

In response, Fidelity asserts that Plaintiff's addition of a party would be futile, create undue delay, be prejudicial and would be made in bad faith. *See* Doc. No. 16-1 at 6. Fidelity further argues that the amendment should be denied because Plaintiff has already amended once before. *Id.*

#### a. Futility

Fidelity argues that Plaintiff's addition of Chicago, to his complaint, would be futile because it still would not establish subject matter jurisdiction over Fidelity or over Chicago. Plaintiff, in response, argues that the amendment is not futile because Chicago/Fidelity gave the false impression that Fidelity was a third party debt collector assigned to collect a debt for Chicago, and that this behavior was false, deceptive, or misleading in connection with the collection of Plaintiff's alleged debt, and therefore in violation of the FDCPA. *See* Doc. No. 11, Exh. 1 at 15-16.

As stated, a proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "[U]nless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief", a court may not deny a motion to amend for futility. Barnett v. Centoni, 31 F. 3d 813, 813 (9th Cir. 1994) (citing Buckey v. Los Angeles, 957 F. 2d 652, 654 (9th Cir. 1992)). Accordingly, if the amended complaint alleges sufficient facts to sustain a cause of action under 15 U.S.C. §§ 1692e, 1692f, or 1692g as plead in Plaintiff's proposed second amended complaint, then the amendment is not futile. *See* Doc. No. 11 at 16.

Under 15 U.S.C. § 1692e of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e goes on to give specific instances of conduct that violate this statute, including § 1692e(2)(B), which states that "[t]he false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt" would be in violation of this section.

After careful review of Plaintiff's pleadings and proposed second amended complaint, this Court finds that the factual allegations in Plaintiff's complaint are sufficient to plead a cause of action under § 1692e of the FDCPA. Plaintiff has alleged that Chicago/Fidelity gave the false impression that Fidelity was a third party debt collector assigned to collect a debt for Chicago, and that this was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. *See* Doc. No. 11 at ¶ 28. Thus, Plaintiff's proposed amendment is not futile.

Fidelity additionally argues that the FDCPA does not apply because: 1) Fidelity is affiliated by corporate control with the actual creditor, Chicago; 2) Fidelity does not collect debts for unaffiliated entities; and 3) Fidelity's principal business is not debt collection. *See* Doc. No. 16-1 at 1. Contrary to Fidelity's assertion, the law requires only reasonable notice to the defendant of what the cause of action entails. As discussed, Plaintiff alleges facts in support of his cause of action under the FDCPA. Plaintiff is not required to prove those allegations at the pleading stage. To the extent that Fidelity invites this Court to determine the veracity of Plaintiff's factual allegations and the existence of subject matter jurisdiction, such determinations are beyond the scope of this motion and inappropriate at this point in the proceedings.

Accordingly, for the reasons stated above, this Court finds that Fidelity's argument that a second amendment would be futile for lack of subject matter jurisdiction is unpersuasive.

        b.    <u>Undue Delay, Prejudice and Bad Faith</u>

Fidelity argues that adding an additional defendant would create undue delay by spawning more motions on both sides and therefore delay judgment. Fidelity also asserts that

a second round of motions would prejudice itself and Chicago because both defendants would have to incur increased expenses in having to respond to the amendment. *See* Doc. No. 16-1 at 17. Additionally, Fidelity contends that Plaintiff's amendment is sought in bad faith with the intention to harass Fidelity. *See* Doc. No. 16-1 at 18. Plaintiff does not offer any arguments in response to Fidelity's assertion of prejudice via unnecessary expenses, but argues that amending his complaint would not create undue delay because he is only at the pleading stage, with no discovery yet taken and no conferences scheduled. *See* Doc. No. 18 at 3. Plaintiff additionally contends that his amendment is not sought in bad faith because the factual allegations of Fidelity and Chicago's corporate affiliation have only recently been discovered by Plaintiff.

As discussed, three other factors along with futility are considered when a court determines whether to allow amendment of a pleading. These are prejudice to the opposing party, undue delay and bad faith. *See* Forsyth v. Humana, 114 F.3d 1467, 1482 (9th Cir. 1997); DCD Programs, 833 F.2d at 186; *see also* Foman v. Davis, 371 U.S. 178, 182 (1962). In the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the greatest weight". *See* DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Prejudice has been found where "[t]he parties have engaged in voluminous and protracted discovery" and where "[e]xpense, delay, and wear and tear on individuals and companies" is shown." *See* Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991). Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *See* Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997), (citing Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

After careful review of Plaintiff's pleadings and proposed second amended complaint, this Court finds that Plaintiff has shown no dilatory motive or bad faith in seeking to amend. Plaintiff filed his motion to amend approximately one month and one week after he became aware of the alleged proper relationship between Fidelity and Chicago. The request for a second amended complaint came only three months after the initial complaint was filed. Plaintiff's

minimal delay in filing an amended complaint in response to the new information obtained through Fidelity's motion to dismiss supports that there was no dilatory motive on the part of the Plaintiff in seeking to amend his complaint. Moreover, this case is still in the beginning stages of litigation. The parties have yet to meet and confer and the Court has not set any discovery or motion cutoff deadlines in this matter. Accordingly, this Court finds no evidence to support Fidelity's allegation of bad faith, undue delay or a dilatory motive.

Additionally, Fidelity has not shown that permitting Plaintiff's proposed amendment would cause unnecessary and increased expenses in responding to it, thereby prejudicing Fidelity. Fidelity speaks only generally to prejudice due to increased expenses, including court filings and discovery expenses. Fidelity has failed to demonstrate that Plaintiff's proposed second amended complaint would cause such a delay in the proceedings and require such additional discovery so as to prejudice Fidelity. *See* Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir.1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend...."); Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir.1998)*(*same). As discussed, this case has not yet reached discovery but is still in the pleading stage. Moreover, notwithstanding Fidelity's lack of standing to argue prejudice on Chicago's behalf, in the absence of any bad faith motive to incur unnecessary expenses, Fidelity's argument of prejudice lacks merit. *See* Owen v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).[2]

Accordingly, Fidelity's arguments that Plaintiff's second amended complaint would cause undue delay, is being made in bad faith, and would prejudice Fidelity are unpersuasive to this Court.

    c.    Conclusion

For the reasons stated above, Plaintiff's motion for leave to file a second amended

---

[2] Fidelity also opposes the second amendment based upon the fact that Plaintiff already filed a first amendment. However, as discussed in the absence of futility, undue delay, bad faith or prejudice, amendments should be freely given. *See* Foman, 371 U.S. at 182. Accordingly, Fidelity's argument lacks merit.

complaint is GRANTED.

### B. Attorney's Fees and Declaration of Good Faith

Fidelity also requests attorney's fees due to Plaintiff's alleged bad faith and harassment in filing what it contends is a meritless suit. *See* Doc. No. 16 at 13. As discussed, this Court has already found that Plaintiff's filing is not futile, and was not filed in bad faith. As such, Fidelity's request for attorney's fees lacks merit, and is DENIED accordingly.

### C. Fidelity's Motion to Dismiss

Fidelity moved this Court to dismiss Plaintiff's motion under Rule 12(b)(1). *See* Doc. No.4. Because the second amended complaint is the operative complaint, Fidelity's motion to dismiss the first amended complaint is DENIED as moot.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a second amended complaint pursuant to Rule 15(a) [Doc. No. 11] is **GRANTED**. Defendant Fidelity's request for attorney's fees is **DENIED**. Fidelity's motion to dismiss pursuant to Rule 12(b)(1) [Doc. No. 4] is **DENIED** as moot.

DATED: April 23, 2007

_____
HON. JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge Papas
All Counsel of Record